*Lee 10/23/23*

~~COMMON PLEAS COURT~~
ERIE, PA

2023 OCT 23  PM 2: 34

CLERK OF RECORDS
PROTHONOTARY

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

SHAWN HELD,
    Plaintiff

    v.

BRENTON DAVIS, individually and as
COUNTY EXECUTIVE OF THE
COUNTY OF ERIE, and ERIE COUNTY,
PENNSYLVANIA,
    Defendant

:
:
:
:
:
:  Case No.: 12511-23
:
:
:
:
:
:  **_JURY TRIAL DEMANDED_**
:

## NOTICE TO DEFEND

TO:    BRENTON DAVIS
       Erie County Courthouse
       140 West 6th Street, Suite 504
       Erie, PA 16501

    YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED. BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYERS REFERRAL SERVICE
429 West 6th Street
Erie, Pennsylvania 16507
(814) 459-4411

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
    Timothy D. McNair, Esquire
    Pa. ID#34304
    821 State Street
    Erie, PA 16501
    (814) 452-0700
    (814) 454-237
    tmcnair@mc

**EXHIBIT**

B

tabbies

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

COMMON PLEAS COURT
ERIE, PA

2023 OCT 23 PM 2: 34

CLERK OF RECORDS
PROTHONOTARY

|  |  |  |
|---|---|---|
| SHAWN HELD, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No.: 12511-23 |
| | : | |
| | : | |
| BRENTON DAVIS, individually and as | : | |
| COUNTY EXECUTIVE OF THE | : | |
| COUNTY OF ERIE, and ERIE COUNTY, | : | |
| PENNSYLVANIA, | : | |
| Defendant | : | ***JURY TRIAL DEMANDED*** |
| | : | |

## NOTICE TO DEFEND

TO:   ERIE COUNTY, PENNSYLVANIA
Erie County Courthouse
140 West 6th Street
Erie, PA 16501

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED. BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYERS REFERRAL SERVICE
429 West 6th Street
Erie, Pennsylvania 16507
(814) 459-4411

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
Pa. ID#34304
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371
tmcnair@mcnairlaw.com

COMMON PLEAS COURT
ERIE, PA

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

2023 OCT 23 PM 2:34

CLERK OF RECORDS
PROTHONOTARY

SHAWN HELD,
    Plaintiff

    v.

                    :  Case No.: 12511-23

BRENTON DAVIS, individually and as
COUNTY EXECUTIVE OF THE
COUNTY OF ERIE, and ERIE COUNTY,
PENNSYLVANIA,
    Defendant

                    *JURY TRIAL DEMANDED*

## COMPLAINT IN CIVIL ACTION UNDER THE PENNSYLVANIA WHISTLEBLOWER LAW

NOW COMES the Plaintiff, Shawn Held, by counsel and for his Complaint under the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421-1428 and 42 U.S.C. § 1983, respectfully represents:

### Count I

### Shawn Held v. Brenton Davis and Erie County – Violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1421-1428:

1.    Plaintiff is Shawn Held, an adult individual residing at Erie, Erie County, Pennsylvania. At all times relevant to matters complained of, Plaintiff was an employee of Erie County, posted at the Edmund L. Thomas Adolescent Center as a Juvenile Counselor. In that role, Plaintiff was responsible for the supervision of non-adjudicated minors who were being protectively detained or detained for other reasons.

2.    Defendant Brenton Davis is an adult individual residing at Erie County,

Pennsylvania. Among other things, Defendant Davis is the elected County Executive of Erie County, Pennsylvania. As such, he has general supervisory authority over the operations of the County and exercised his authority over Edmund L. Thomas Adolescent Center by, in particular, being involved in the selection of a food service contractor for the Edmund L. Thomas Adolescent Center.

3.      Erie County, Pennsylvania is a body corporate and politic. It is a "public body" within the meaning of 43 P.S. § 1422 in that it is a county of the Commonwealth of Pennsylvania. It operates the Edmund L. Thomas Adolescent Center and is responsible for the care, custody and control of minor children caught up in the juvenile delinquent and/or dependency apparatus.

4.      During the exercise of his power as County Executive, Defendant Davis, exercising the authority of the County, selected Trinity Services Group, a division of HIG Capital, to provide food service for the Edmund L. Thomas Adolescent Center. Trinity Services Group ("Trinity") is a supplier of food services to correctional facilities and, in particular, correctional facilities in the Commonwealth of Pennsylvania. Trinity provides substandard low cost and low-quality food to inmates and profits further by offering commissary services to inmates, who must use their own money to purchase edible food.

5.      The quality of the food served at the Edmund L. Thomas Adolescent Center was so poor that few of the residents would consume it. The burden then fell on the staff to prepare alternate food, consisting primarily of peanut butter and jelly sandwiches, to the residents, distracting them from their other duties of supervision of the residents.

6.      Plaintiff became aware of this in the course of his employment with

2

Defendants and became frustrated both by the lack of decent food being provided to the center residents and the need to provide alternate food sources for the residents since the food provided by Trinity was inedible.

7.      Plaintiff's frustration with the situation grew to the point that, on January 11, 2023, he filed a grievance form with Defendant Davis inquiring why the children in an emergency shelter were subject to eat the same food as incarcerated adults. He complained that the food being provided by Trinity was being wasted. In that grievance, Plaintiff compared the food being served to the juveniles to food served during his military service, noting that the County Executive made a large issue of his military service during his election campaign, stating that the food served to the non-adjudicated children is far worse than that served in the military. He requested that the County improve the food service to ameliorate the waste occurring as the result of throwing out inedible food. A copy of that grievance is attached as Exhibit "A."

8.      Plaintiff's grievance was a good faith report of conduct constituting waste and was made without malice or consideration of personal benefit. Based on his personal knowledge, Plaintiff had reasonable cause to believe his complaint was true.

9.      The grievance was submitted to Defendant Davis and the County, who are the appropriate authority within the meaning of the Whistleblower Act to receive such complaints.

10.      As a witness to the waste occurring as the result of the Trinity Services Group contract, Plaintiff was a whistleblower within the meaning of 42 P.S. § 1422.

11.      On February 13, 2023, Plaintiff received his probationary performance review. He was rated fully competent in all categories except "interpersonal relations,"

3

where he was rated as "improvement needed." Overall, his evaluation was fully satisfactory.

12.     In response to his grievance, Plaintiff was called to a meeting with Defendant Davis and the Erie County Director of Administration Douglas Smith on February 24, 2023. He attended that meeting with a representative of his collective bargaining agent.

13.     During that meeting, neither Plaintiff nor his union representative were permitted to sit. They were, instead, literally "called on the carpet" to stand in front of Defendant Davis' desk.

14.     Defendant Davis did not stand or introduce himself. During the "conversation" that ensued, Davis continually interrupted Plaintiff and made no effort to discuss the food service situation at the Edmund L. Thomas Adolescent Cetner, rather focusing on what he maintained was Plaintiff's misconduct in reporting the food waste. He addressed Plaintiff in a demeaning tone, referring to Plaintiff's lower military rank and adopting the posture of superior officer dressing down a lower ranking military member. He gave Plaintiff no chance to apologize or explain his actions. During that meeting, despite the verbal abuse being dished out by Davis, Plaintiff maintained his composure and attempted to steer the conversation to address the issue of the quality of the food. Defendant Davis resisted these attempts.

15.     On March 7, 2023, Mr. Held was notified by Ann Villella, the Director of Human Resources, that his employment was terminated because of his "conduct during [the] meeting" of February 24, 2023, "as well as the events which precipitated the meeting." Thus, there is no question but that Plaintiff was terminated as the result of his

complaint of waste. Plaintiff's behavior at the February 24th meeting was not objectionable. He did not use any "offensive [or] insubordinate language toward the County Executive," and he did not refuse "to accept responsibility for [his] actions." A copy of Ms.Villella's termination letter is attached as Exhibit "B."

16.     Pursuant to 43 P.S. § 1423, neither Defendant Davis nor the County of Erie shall discharge, discipline or in any manner discriminate against any employee with respect the employee's compensation, terms, conditions or privileges of employment because such employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste.

17.     The actions of the Defendants Davis and County of Erie in discharging Plaintiff from his employment were in violation of the foregoing provision of law.

18.     As the result of his termination, Plaintiff lost his income of $746 per week plus benefits and has been required to obtain alternate part-time employment earning $280 per week part-time. That loss of income amounts to $24,232 per year and is anticipated to continue for two years, until Plaintiff completes the course of study in which he has been engaged and obtains employment outside of the control of the County.

19.     Given that Plaintiff's training and skills are focused in the social services field, and the employment in the social services field in Erie County is dominated by Defendant Erie County, subject to the control of Defendant Davis, Plaintiff is not able to locate substantially equivalent employment in Erie County.

20.     Pursuant to 43 P.S. § 1424(a), Plaintiff is entitled to reinstatement to his

position and compensation for the damages sustained. As noted above, said damages are substantial and exceed the limit for mandatory arbitration in the Court of Common Pleas of Erie County, Pennsylvania.

21.   Further, pursuant to 43 P.S. § 1425, Plaintiff is entitled to reimbursement of the costs of litigation, including reasonable attorney fees and witness fees.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendants Davis and County of Erie, jointly, severally, and individually, in an amount in excess of the applicable limits for mandatory arbitration in Erie County, together with reinstatement to his prior employment, back wages, full reinstatement of fringe benefits and seniority rights, and his actual damages, together with costs of litigation.

## TRIAL BY JURY OF 12 DEMANDED

### Count II
### Shawn Held v. Brenton Davis – Violation of 42 U.S.C. § 1983 – Violation of First and Fourteenth Amendments

22.   Plaintiff incorporates herein by reference the averments of Paragraphs 1 through 21 of his Complaint as though fully set forth at length herein.

23.   In making his complaint, Plaintiff was speaking on a matter of public concern, the deprivation of the rights of children in custody of the County to decent food. His grievance was a statement of concern not subsumed by his job duties. Plaintiff's grievance did not disrupt the County's interest in an efficient workplace.

24.   In response to and retaliation for his protected speech, Plaintiff suffered a tangible loss of his employment and suffered the damages set forth above.

25.   As the result of the actions of the defendants, Plaintiff has suffered not only a loss of income, but has suffered mental anguish, including as the result of

6

personal attacks on Plaintiff by County Councilman Brian Schenk, a close political ally of defendant Davis, who has attempted to ridicule Mr. Held's concerns on a Facebook page Shenk controls.

26.   The actions of defendant Davis were a wanton and malicious violation of Plaintiff's constitutionally protected right to speak on matters of public concern, and were motivated by Davis's desire to injure Mr. Held for criticizing his conduct of County operations, and to make Plaintiff an example for others who might be inclined to complain about Davis's poor management of the County.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, Brenton Davis, in an amount in excess of the mandatory limits for arbitration in Erie County, together with punitive damages, attorney's fees, costs of suit, reinstatement with backpay, benefit coverage, and such other and further relief as the Court deems just.

**TRIAL BY JURY OF 12 HEREBY DEMANDED**

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

_____
Timothy D. McNair, Esquire

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: _____
Timothy D. McNair, Esquire
Pa. ID #34304
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com

IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| SHAWN HELD, Plaintiff | : : : : | |
| v. | : : : | Case No.: |
| BRENTON DAVIS, individually and as COUNTY EXECUTIVE OF THE COUNTY OF ERIE, and ERIE COUNTY, PENNSYLVANIA, Defendant | : : : : : : : | ***JURY TRIAL DEMANDED*** |

## VERIFICATION

I, Shawn Held, verify that the facts set forth in the within the Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Shawn Held

Date: _10/20/23_