IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN HELD | CIVIL ACTION |
| Plaintiff | NO. 1:23-CV-00319 |
| v. | |
| BRENTON DAVIS, individually and as COUNTY EXECUTIVE OF THE COUNTY OF ERIE and ERIE COUNTY, PENNSYLVANIA | |
| Defendants | JURY TRIAL OF 12 DEMANDED |

## ANSWER WITH AFFIRMATIVE DEFENSES

AND NOW, come the Defendants, Brenton Davis, individually and as County Executive of the County of Erie ("County Executive"), and Erie County, Pennsylvania ("Erie County"), by and through their attorneys, Marshall Dennehey, P.C. and G. Jay Habas, Esquire, and in response to the Plaintiff's Complaint, state as follows:

## COUNT I

### SHAWN HELD V. BRENTON DAVIS AND ERIE COUNTY – VIOLATION OF PENNSYLVANIA WHISTLEBLOWER LAW 43 P.S. §1421-1428

1. Admitted.

2. Admitted, to the extent that the powers and duties of the County Executive are as provided by the Erie County Home Rule Charter or otherwise.

3. Admitted that Erie County is a public body in the Commonwealth of Pennsylvania, and operates the Edmund L. Thomas Adolescent Center. The remaining allegation, that Erie County is "responsible for the care, custody, and control of minor children caught up in the juvenile delinquent and/or dependency apparatus," sets forth a conclusion of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Erie

County denies the allegation because it has insufficient information or knowledge as to the scope and/or meaning of that averment.

4. Denied that Trinity Services Group was selected by the Erie County Executive to provide food service for the Edmund L. Thomas Adolescent Center. To the contrary, Erie County selected and contracted with Trinity Services Group to provide food services to the Edmund L. Thomas Adolescent Center and the Erie County prison. It is admitted that, to Defendants' knowledge, Trinity Services Group supplies food services to correctional facilities. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Plaintiff's Complaint and, therefore, those allegations are denied.

5. Admitted that the quality of food served by the Trinity Services Group at the Edmund L. Thomas Adolescent Center became an issue in or about January, 2023, which Erie County and the County Executive addressed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of Plaintiff's Complaint and, therefore, those allegations are denied.

6. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiff's Complaint and, therefore, those allegations are denied.

7. Admitted that Plaintiff completed a Grievance Form (Exhibit A to Complaint). The allegation that Plaintiff submitted the form to the County Executive is denied, as to Defendants' knowledge or information, the Plaintiff submitted the grievance form to a supervisor(s) at the Edmund L. Thomas Adolescent Center. The allegations as to the contents of the grievance form are denied in that the grievance form is a written document, the contents of

which speak for itself, which includes the characterization of the County Executive as "ignorant" and "clueless."

8. The allegations set forth in paragraph 8 of the Plaintiff's Complaint set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendants deny the allegations of paragraph 8.

9. Denied. To the contrary, to Defendants' knowledge or information, the Plaintiff submitted the grievance form to a supervisor(s) at the Edmund L. Thomas Adolescent Center. The allegations in paragraph 9 involving the Whistleblower Act set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendants deny these allegations of paragraph 9.

10. The allegations in paragraph 10 set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendants deny the allegations of paragraph 10.

11. It is admitted that Plaintiff received a probationary Employee Goal & Performance Review on February 13, 2023. The allegations as to the contents of the Performance Review are denied in that the evaluation is a written document, the contents of which speaks for itself.

12. Admitted that Plaintiff attended a meeting with the County Executive, the Erie County Director of Administration Douglas Smith, and a representative of the union on February 24, 2023, to discuss matters involving the grievance. The remaining allegations of paragraph 12 are denied.

13. Admitted in part and denied in part. It is admitted that in the meeting of February 24, 2023, the Plaintiff and the union representative stood, as the County Executive anticipated that the meeting would not take long. The remaining allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. Admitted that a letter was sent to the Plaintiff dated March 7, 2023 (Exhibit B to Complaint). The allegations as to the contents of the letter are denied in that the letter is a written document, the contents of which speak for itself. The further allegations characterizing the letter and/or the effect thereof set forth a conclusion of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendants deny the allegations.

16. The allegations set forth in paragraph 16 of the Plaintiff's Complaint set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendants deny the allegations of paragraph 16.

17. The allegations set forth in paragraph 17 of the Plaintiff's Complaint set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendants deny the allegations of paragraph 17.

18. After reasonable investigation, Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and, therefore, those allegations are denied.

19. After reasonable investigation, Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and, therefore, those allegations are denied.

20. The allegations set forth in paragraph 20 of the Plaintiff's Complaint set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendants deny the allegations of paragraph 20.

21. The allegations set forth in paragraph 21 of the Plaintiff's Complaint set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendants deny the allegations of paragraph 21.

WHEREFORE, Defendants, Brenton Davis and Erie County, deny that they are liable to the Plaintiff in Count I and demand judgment in their favor.

## COUNT II

### SHAWN HELD V. BRENTON DAVIS – VIOLATION OF 42 U.S.C. §1983 – VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS

22. Defendant County Executive incorporates his answers to paragraphs 1 – 21 of the Plaintiff's Complaint as the response to paragraph 22 as though fully set forth herein.

23. The allegations set forth in paragraph 23 of the Plaintiff's Complaint set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendant denies the allegations of paragraph 23.

24. The allegations set forth in paragraph 24 of the Plaintiff's Complaint set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendant denies the allegations of paragraph 24.

25. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and, therefore, those allegations are denied.

26. The allegations set forth in paragraph 26 of the Plaintiff's Complaint set forth conclusions of law to which no reply is deemed necessary. To the extent that a reply is deemed necessary, Defendant denies the allegations of paragraph 26.

WHEREFORE, Defendant, Brenton Davis, denies that he is liable to the Plaintiff on the claim in Count II and demands judgment in his favor.

## AFFIRMATIVE DEFENSES

27. Answering Defendants hereby incorporate by reference the averments set forth in paragraphs 1-26 of their Answer above, as if fully restated herein.

### I. First Affirmative Defense

28. Plaintiff has failed to state a claim or cause of action against the Defendants under the Pennsylvania Whistleblower Law, 43 P.S. §1421-1428.

### II. Second Affirmative Defense

29. Plaintiff has failed to state a claim of cause of action under 42 U.S.C. §1983 for violation of the First and Fourteenth Amendments.

### III. Third Affirmative Defense

30. Defendants assert all of the defenses available under Pennsylvania Whistleblower Law, 43 P.S. §1421-1428, and the First Amendment pursuant to 42 U.S.C. §1983, including but not limited to that Plaintiff's alleged protected activity was not the cause and/or a substantial motivating factor for the termination of his employment.

### IV. Fourth Affirmative Defense

31. Defendant County Executive asserts all common law, statutory and qualified immunities to which he may be entitled.

### V. Fifth Affirmative Defense

32. Plaintiff's claimed injuries and/or damages were not caused by or the result of Defendants' alleged actions and/or conduct.

### VI. Sixth Affirmative Defense

33. Defendants plead that to the extent the Plaintiff has failed to mitigate his claim of damages he may not recover damages and/or is limited in the damages claimed.

**TRIAL BY JURY OF 12 DEMANDED**

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By _____

G. Jay Habas
PA ID No.  55581
717 State Street, Suite 701
Erie, PA  16501
814-480-7800

*Counsel for Defendants*

LEGAL/157566026.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN HELD | CIVIL ACTION |
| Plaintiff | NO. 1:23-CV-00319 |
| v. | |
| BRENTON DAVIS, individually and as COUNTY EXECUTIVE OF THE COUNTY OF ERIE and ERIE COUNTY, PENNSYLVANIA | |
| Defendants | JURY TRIAL OF 12 DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Answer and Affirmative Defenses was duly served on all counsel of record and unrepresented parties on the 22nd day of November 2023, electronically or by mailing same to them at their designated offices by first class United States mail, postage prepaid.

> Timothy D. McNair, Esquire
> McNair Law Offices, PLLC
> 821 State Street
> Erie, PA 16501
> tmcnair@mcnairlaw.com

**MARSHALL DENNEHEY, P.C.**

By _____
G. Jay Habas
*Attorneys for Defendants*