IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN HELD<br><br>          Plaintiff<br><br>v.<br><br>BRENTON DAVIS, individually and as COUNTY EXECUTIVE OF THE COUNTY OF ERIE and ERIE COUNTY, PENNSYLVANIA<br><br>          Defendants | CIVIL ACTION<br><br>NO. 1:23-CV-00319<br><br><br><br><br><br><br><br>JURY TRIAL OF 12 DEMANDED |

## REPORT OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)

AND NOW, come the parties, by and through their respective counsel, and hereby file the following Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), representing in support thereof as follows:

1. **Identification of counsel and unrepresented parties:**

   *Counsel for Plaintiff*
   Timothy D. McNair, Esquire
   McNair Law Offices, PLLC
   821 State Street
   Erie, PA 16501-1316
   Tele: (814) 452-0700
   Fax: (814) 454-2371
   tmcnair@mcnairlaw.com

   *Counsel for Defendant:*
   G. Jay Habas, Esquire
   MARSHALL DENNEHEY, P.C.
   717 State Street, Suite 701
   Erie, PA 16501
   Tele: (814) 480-7802
   Fax: (814) 455-3603
   gjhabas@mdwcg.com

2. **Set forth the general nature of the case:**

   This case involves the claim that Plaintiff was terminated from his employment with Erie County in violation of the Pennsylvania Whistleblower Law, 43 P.S. §§1421-1428, and the First and Fourteenth Amendments pursuant to 42 U.S.C. §1983, based upon concerns regarding the food provided at the Edmund L. Thomas Adolescent Center in January of 2023. Defendants deny these claims

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   December 7, 2023.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   January 5, 2024.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   None.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties, through counsel, agreed to an Early Neutral Evaluation, to be conducted before the end of January 2024.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. 26(a) disclosures, whether such changes is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   None.

8. **Subjects on which fact discovery may be needed:**

   The parties intend on conducting fact discovery involving all issues involving the claims of liability, damages and defenses to liability and damages.

9. **Set forth suggested dates for the following:**

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

      January 3, 2024.

   b. **Date by which any additional parties shall be joined:**

      Not applicable.

   c. **Date by which the pleadings shall be amended:**

      Not applicable.

   d. **Date by which fact discovery should be completed:**

      May 4, 2024 (120 days from Initial Scheduling Conference).

    e.    **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

Not applicable.

    f.    **Date by which plaintiff's expert reports should be filed:**

The parties do not anticipate expert witnesses at this time.

    g.    **Date by which depositions of plaintiff's expert(s) should be completed:**

The parties do not anticipate expert witnesses at this time.

    h.    **Date by which defendant's expert reports should be filed:**

The parties do not anticipate expert witnesses at this time.

    i.    **Date by which depositions of defendant's expert(s) should be completed:**

The parties do not anticipate expert witnesses at this time.

    j.    **Date by which third party expert's reports should be filed:**

The parties do not anticipate expert witnesses at this time.

    k.    **Date by which depositions of third party's expert(s) should be completed:**

The parties do not anticipate expert witnesses at this time.

10.    **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

Not applicable.

11.    **Please answer the following questions in regard to discovery of electronically stored information ("ESI"):**

    a.    **ESI**: Is either party seeking the discovery of ESI in this case?

        ____ Yes __X__ No

    b.    **ESI Discovery Plan**: The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding

    Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

  c. **Preservation**: Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

  d. **ADR**: Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

  e. **Clawback Agreement**: The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

  f. **EDSM and E-Mediator**: Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

  g. **Other**: Identify all outstanding disputes concerning any ESI issues:

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

Parties request a post-discovery status conference to set any other deadlines that may be required.

4

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    None at this time.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    No.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    Not applicable.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    The parties, through counsel, discussed the possibility of settlement pre-suit. The Early Neutral Evaluation may address settlement.

Respectfully submitted,

**MCNAIR LAW OFFICES**                    **MARSHALL DENNEHEY, P.C.**

By /s/ *Timothy D. McNair*              By /s/ *G. Jay Habas*
Timothy D. McNair, Esquire              G. Jay Habas, Esquire
*Counsel for Plaintiff*                 *Counsel for Defendant*

Dated: December 12, 2023